OPINION
{¶ 1} Plaintiff-appellant Jack K. Beatley appeals the March 20, 2002 Judgment Entry of the Delaware County Court of Common Pleas, Juvenile Division, which denied his motions for contempt. Defendant-appellee is Colleen S. Beatley, nka Colleen Block.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and appellee were married in Columbus, Ohio on March 7, 1992. Appellee was granted a divorce from appellant in Collier County, Florida, in Case No. 98-0139-CA-01. On June 8, 1998, appellant filed a motion for temporary custody of the parties' two daughters in Delaware County. In March, 1999, the trial court granted appellee sole custody of the children as residential parent, and granted appellant visitation. The trial court also ordered the children were not to leave the United States without the court's application and approval. Further, the trial court ordered appellee to permit her children to call their father three times per week.
 {¶ 3} On December 6, 2001, appellant filed a Motion For Contempt and Sanctions against appellee. On December 11, 2001, he filed an amended motion, alleging appellee had not permitted the children to make the requisite three telephone calls per week as required by the March 1, 1999 Order.
 {¶ 4} On February 12, 2002, appellee filed a motion to obtain passports for the children subject to the trial court's previous restrictions on travel. The trial court conducted a hearing on these motions on March 4, 2002.
 {¶ 5} Both parties presented evidence and testified at the hearing. After considering the testimony and evidence, the trial court issued two Judgment Entries on March 20, 2002. The trial court denied appellant's motion for contempt and granted appellee's motion to obtain passports for the children. In granting appellee's motion for passports, the trial court specifically required 1) the passports be delivered to the guardian ad litem for safe keeping, 2) prior to any travel outside the United States, the parent traveling was required to obtain court approval after a written application, and 3) prior to court approval, appellee would need to propose to the court an acceptable means of assurance the children would be returned to the United States.
 {¶ 6} Appellant appeals the two March 20, 2002 Judgment Entries assigning the following errors for our review.
 {¶ 7} "I. The trial court erred as a matter of law and abused its discretion by denying plaintiff-appellant's motion to hold defendant-appellee in contempt because plaintiff-appellant proved by clear and convincing evidence that defendant-appellee intentionally and willfully denied plaintiff-appellant of three telephonic visits per week with his children as required by the March 1, 1999 judgment entry.
 {¶ 8} "II. The trial court erred as a matter of law and abused its discretion by granting defendant-appellee's motion to apply for U.S. Passports for the children because passports are not in the best interest of the children since defendant-appellee has a history of not complying with court orders governing travel with the children and falsifying passport applications."
 I. {¶ 9} In appellant's first assignment of error, he maintains the trial court abused its discretion in denying his motion for contempt because he proved by clear and convincing evidence appellee intentionally and willfully denied him three telephonic visits per week with his children. We disagree.
 {¶ 10} A trial court's ruling on a motion in contempt will not be disturbed on appeal absent an abuse of discretion. State ex rel. Ventronev. Birkel (1981), 65 Ohio St.2d 10. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Bishop v. Bishop, 2002-Ohio-1861, Stark App. No. 2001A00319. We must look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 11} When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181. Above all, a reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use their observations in weighing the credibility of the proffered testimony. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 12} The trial court stated it reviewed evidence submitted by both parties as well as the testimony of the parties. At the hearing, the trial court admitted appellant's letters to the guardian ad litem in which appellant alleged he did not receive the required telephonic visitations with this children. Appellant did not bring any telephone records to support his allegations. Appellant testified he was out of state and unavailable for telephone calls from the children a number of times during the period in question.
 {¶ 13} Appellee testified that during any given week, her family set up three days in which the children were required to make contact with their father. The children often called other times beyond the three days. Further, appellee testified appellant would occasionally call the girls directly.
 {¶ 14} In its March 20, 2002 Judgment Entry, the trial court specifically found appellant failed to prove interference and denial of telephone calls. Accordingly, the trial court overruled appellant's motion for contempt. In light of the fact the trial court was in the best position to evaluate the conflicting testimony and evidence, we find no abuse of discretion in the trial court's decision.
 {¶ 15} Appellant's first assignment of error is overruled.
 II {¶ 16} In appellant's second assignment of error, he maintains the trial court erred in granting appellee's motion to apply for a U.S. passport for the children. Appellant argues passports were not in the best interest of the children because appellee had a history of failing to comply with court orders. We disagree.
 {¶ 17} As set forth above, our standard of review is abuse of discretion.
 {¶ 18} Our review of the March 4, 2002 transcript indicates appellant had no objection to the renewal of passports for the children as long as certain safeguards were imposed. Tr. at 78. While appellant's counsel reserved the right to appeal the trial court's decision to issue passports, appellant's position before the trial court was that passports may be acceptable with certain restrictions.
 {¶ 19} In its second March 20, 2002 Judgment Entry, the trial court permitted passports to be issued to the children for travel outside of the U.S. However, the trial court required any travel outside the U.S. required prior approval by the court. Further, the trial court required the guardian ad litem to hold the passports until authorized by the court to do otherwise. We find no abuse of discretion in the trial court's decision to permit the issuance of passports.
 {¶ 20} Appellant's second assignment of error is overruled.
 {¶ 21} The March 20, 2002 Judgment Entries of the Delaware County Court of Common Pleas, Juvenile Division, are affirmed.
By: Hoffman, P.J., Wise J. and Edwards, J. concur.